FILED
2020 APR 3 AM 11:45
CLERK
U.S. DISTRICT COURT

Gregory B. Smith (USB 6657)
GREG SMITH AND ASSOCIATES, PC
111 E. 5600 S. #105
Murray, Utah 84107
Phone: 801-255-0123 / 801-651-1512
Fax: 801-255-2134
Email: gs@justiceinutahnow.com

*Attorney for Plaintiff, Lucy Segura*

**IN THE UNTIED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

RECEIVED CLERK

MAR 24 2020

U.S. DISTRICT COURT

| | |
|---|---|
| LUCY SEGURA, an individual,<br><br>Plaintiff,<br><br>*vs.*<br><br>COTTONWOOD FINANCIAL UTAH, LLC, a Texas Corporation, d.b.a. THE CASH STORE,<br><br>Defendant. | **COMPLAINT**<br><br>(JURY DEMAND)<br><br><br>Case: 2:20-cv-00194<br>Assigned To : Barlow, David<br>Assign. Date : 3/24/2020<br>Description: Segura v. Cottonwood Financial Utah |

**COMPLAINT FOR SEX DISCRIMINATION IN VIOLATION
OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964; AND
THE UTAH ANTIDISCRIMINATION ACT OF 1965**

Plaintiff, LUCY SEGURA, by and through her undersigned counsel, files this Complaint

and Jury Demand against Defendant:

**PARTIES**

1.    Plaintiff, LUCY SEGURA, is a resident of the County of Utah, State of Utah.

1

2.     COTTONWOOD FINANCIAL UTAH, LLC., is a Texas corporation registered to do business in the State of Utah, and doing business in the County of Utah, State of Utah under the d.b.a., the Cash Store.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to Title VII of the United States Civil rights Act regarding gender discrimination and sexual harassment; the United States Fair Labor Standards Act; and, the Utah Antidiscrimination Act of 1965. Cottonwood Financial Utah, LLC has more than 15 employees and meets the required number of employees under Title VII of the Civil Rights Act.

4.     Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(30.

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION CLAIM

5.     Segura filed an administrative charge with the Utah Anti-Discrimination Division, and on December 31, 2019, Segura received a right to sue letter from U.S. Equal Employment Opportunity Commission.

6.     She was granted a Right to Sue by the EEOC on March 17, 2020.

## NATURE OF CASE

7.  This case arises from violations of Title VII of the Civil Rights Act and the Utah Antidiscrimination Act (Utah Code Ann., Title 34A Chapter 5), by Michael Tavey the manager of the Cash Store. Tavey, Segura's immediate supervisor unlawfully sexually harassed Segura, and then retaliated against her and caused her to be terminated from her employment.

8.   Cottonwood makes installment loans and vehicle title loans to customers from retail locations branded as the "Cash Store."

9.   Cottonwood stores typically have a full-time Store Manager and, depending on the volume of business, one or more full-time Assistant Store Managers.

## FACTUAL ALLEGATIONS

10.   On or about November 5, 2018, Cottonwood hired Lucy Segura as the sole Assistant Store Manager for Store No. 604.

11.   The sexual innuendos began on approximately March 14, 2019, when Michael Tavey, the store manager and Segura's boss said "It's so slow [business] even Lucy is looking good to me"

12.   On or about March 16, 2019 Michael Tavey was at his desk and as Segura was leaving, he said, "don't forget to pick up a vibrator."

13.   On or about Marcy 29, 2019 Michael Tavey was boasting about bars, liquor, and women he had dated. Disgusted, Segura went to the restroom, when she returned Tavey had pulled up his shirt exposing his naked belly for Segura to see.

14.   Whenever Segura would ask a question, Tavey would make a point of moving his chair as close as possible to hers so that he could rub his leg against hers.

15.   Tavey would constantly stare at Segura's chest and when she would lean over, he would stare at her behind. Segura became so self-conscious of his behavior that she began to wear longer, baggy blouses, dresses and skirts.

16.   Tavey continued to make sexual remarks and use sexual innuendos to Segura.

17.   Tavey found it amusing to joke and tease Segura about her age, saying "you're old" and asking if she was on Medicare.

3

18.     When Segura rebuffed Tavey's sexual come-ons and protested Tavey's sexual innuendos he began to find unnecessary fault with Segura's work and treated her with contempt and rudeness.

19.     Tavey's behavior escalated from rudeness to anger to the point that Segura became frightened of Tavey and she became afraid to be alone with him in the store.

20.     Tavey made everyday as unpleasant as possible for Segura.

21.     Thereafter, Segura complained to the regional manager, Aidelbert Etsitty who went by the name "Del."

22.     Segura also complained to District Manager Kaylene Donofrio and Territorial Manager Sara Jones.

23.     They not only refused to intervene but fired Segura for exposing the sexual harassment and behavior of Tavey.

24.     Notwithstanding her excellent work and tireless work ethic, Segura was fired for complaining about Tavey's behavior.

25.     The Cash Store had no policy or training manual that clearly communicated to employees that unwelcome harassing conduct would not be tolerated. It never set up an effective complaint or grievance process, providing anti-harassment training to their managers, supervisors, and employees.

26.   None of the Cash Store's employees, managers or supervisors had been regularly trained to identify conduct that constitutes sexual harassment, sex discrimination, and retaliation, nor had they been trained how to respond to issues they observed in the workplace or that were otherwise reported to them.

27.   As a direct and proximate result of Defendant's harassing, discriminatory and retaliatory treatment of Segura, she suffered, and continues to suffer, adverse job consequences, including economic damages, pain, mental anguish, and damage to her reputation and career.

### COUNT ONE
### (Sexual Discrimination)

28.   Plaintiff realleges each and every allegation contained in paragraphs 1 through 26 and incorporates the same herein by reference.

29.   Under Title VII, Segura is in a protected class based on her gender as a woman.

30.   Segura was qualified for the position and job description she held and was performing her work satisfactorily and meeting Defendant's expectations. She was frequently told how well she was doing.

31.   Segura was discriminated against and eventually fired for complaining of Tavey's pervasive sexual harassment.

32.   The method by which the harassment and discrimination was carried out was motivated by Segura being an attractive woman, which exposed her to disadvantageous terms and conditions of employment when compared to members of the opposite sex.

33.   After being fired, Defendant continued seeking applicants with Segura's qualifications.

34.   Segura alleges that those managers of Cottonwood Financial who were responsible for her firing conspired to make it appear as though she had a history of misconduct.

35.   As a direct and proximate result of Tavey's discriminatory and retaliatory treatment of Segura, she has suffered, and continues to suffer, adverse job consequences, including economic damages, mental anguish, and damage to her reputation and career.

5

## COUNT TWO
### (Sexual Harassment)

36.     Plaintiff realleges each and every allegation contained in paragraphs 1 through 34 and incorporates the same herein by reference.

37.     Segura would not have been harassed but for her gender as a woman.

38.     Cottonwood Financial permitted a hostile environment of severe and pervasive sexual behavior to be created and perpetuated by Tavey.

39.     The offensive sexual actions of Tavey were severe, pervasive and unwelcome.

40.     Tavey's behavior aided by managers Del, Kaylene, and Bractin's failure to implement a policy to prevent and address sexual harassment altered Segura's working conditions.

41.     The aforesaid acts of intentional sexual harassment, perpetrated by Tavey and condoned by Del, Kaylene and Bractin, violated Segura's rights as provided under Utah Antidiscrimination Act and Title VII of the Human Rights Act.

42.     As a consequence of Tavey's sexual harassment during Segura's employment at The Cash Store, Segura suffered conscious pain and suffering, mental distress, loss of income, and humiliation.

## COUNT THREE
### (Retaliation)

43. Plaintiff realleges each allegation contained in paragraphs 1 through 41 and incorporates the same herein by reference.

44.     The sexually hostile work environment created by the sexual harassment and retaliation by Tavey, Del, Kaylene, and Bractin, discouraged Segura from complaining.

45.    Notwithstanding her excellent work and tireless work ethic, Defendants fired Segura in retaliation for her complaints and because she rejected Tavey's sexual advances.

46.    Because of the retaliatory misconduct of Defendants, Segura has been damaged in an amount that has not been fully ascertained at this time, but to be determined according to proof at the time of trial.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.    Compensatory damages, including lost compensation, damage to career path, damage to reputation, and damages for pain and suffering;

2.    Damages for mental anguish;

3.    Punitive damages;

4.    Attorneys' fees and costs of suit; and

5.    Such other relief as the court may deem equitable and just.

**JURY DEMAND**

Plaintiff, Lucy Segura demands a trial by jury.

DATED this 18th day of January 2020.

/s/ Gregory B. Smith

*Attorney for Plaintiff,*
Lucy Segura